## COMMONWEALTH *vs.* JAMES BENT.

On a trial on appeal from the judgment of a trial justice, a witness for the Commonwealth, who testifies on cross-examination that he cannot swear that he has not been threatened in relation to his testimony on this trial, and that the trial justice has intimated to him that all proceedings against him for a breach of his recognizance would be stayed if he would now testify against the defendant, may be asked by the district attorney on re-examination as to the particulars of a conversation between them, for the purpose of proving that the district attorney assured the witness before calling him that no prose-cution should be urged against him for a default on his recognizance.

COMPLAINT for being a common seller of intoxicating liquors. At the trial in the superior court in Plymouth, on appeal from the judgment of the trial justice, a witness for the Commonwealth testified on cross-examination " that he could not swear that he had not been threatened in relation to his testimony on this trial, and also that the trial justice had intimated to him that all proceedings against him for not having appeared in compliance with his recognizance would be stayed if he would now testify against the defendant." The district attorney, on re-examination, was allowed by *Ames*, J., the defendant object-ing, to inquire into the particulars of a conversation between himself and the witness for the purpose of showing that the witness had, before testifying, been assured that no prosecution should be urged against him for any default of his recognizance. The defendant, being convicted, alleged exceptions.

*P. Simmons*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BY THE COURT. The evidence objected to was clearly com-petent. It tended to rebut the inference of influence or bias operating on the mind of the witness in giving his testimony, which the cross-examination was calculated to lead the jury to draw. The district attorney was authorized to represent the Commonwealth in the matter of the recognizance given by the witness, and to determine whether process thereon should be issued. Rev. Sts. *c.* 13, § 38; *c.* 135, § 27. The evidence of his assurance to the witness that he would not be held for any default on his recognizance was admissible as showing that the supposed bias had been removed.

*Exceptions overruled.*